70 F.3d 1278
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
EUROPEAN BEVERAGE COMPANY, INC., Petitioner-Appellee,
v.
Tom MANNING, Respondent-Appellant.
 No. 94-56555.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 18, 1995.
Decided Nov. 22, 1995.
 
 1
 Before: HUG and LEAVY, Circuit Judges, and MUECKE, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Tom Manning ("Manning") appeals from the district court's imposition against him of a $1,000,000 damage award and $30,000 in attorney fees as the result of the court's finding that Manning was in civil contempt of the court's permanent injunction. We affirm in part, reverse in part, and remand.
 
 
 4
 * Manning first argues that he was given neither adequate notice nor an opportunity to be heard in response to the petition filed by European Beverage Company, Inc. ("European"). We reject this contention.
 
 
 5
 The original petition provided Manning with notice of his conduct relating to the Wine Enthusiast article and of his communications with Trader Joe's (a major buyer of European's product) in Germany. Moreover, European subsequently filed pleadings alleging additional misconduct, such as Manning's hiring of a private investigator to rummage through European's dumpster, his contacts with the media, and his communications with the Orange County D.A.'s office and the Bureau of Alcohol, Tobacco, and Firearms. In addition, all three of the district court's orders to show cause directed Manning's attention to his alleged violation of the injunction, and Manning's attorney knew of the orders months in advance of the hearing. Furthermore, the acts of contempt alleged were all based on Manning's own admissions in his deposition. Finally, the district court afforded Manning the opportunity to present live testimony and other evidence in opposition to European's petition; Manning chose not to do so. Manning was given adequate notice and an opportunity to be heard.
 
 II
 
 6
 Manning next contends that he cannot be deemed to have violated the court order embodied in the injunction, either because of the vagueness of its terms and conditions, or, in the alternative, because his conduct was in good faith and did not actually run afoul of the injunction. These arguments are frivolous. Manning stipulated to the language of the injunction, which is a clear and specific court order. As for his conduct, it requires an unreasonable stretch of the imagination to conclude that his actions were in good faith and did not violate the court's order.
 
 III
 
 7
 Manning next argues that the district court abused its discretion by refusing to grant him a continuance in order to prepare adequately for the cross-examination of one of European's expert witnesses, Kaplan, on the issue of damages. We agree.
 
 
 8
 Although European's president, Posternak, testified about a $150,000 loss caused by the Wine Enthusiast article when Trader Joe's cancelled part of its order, he did not testify about a $1,000,000 loss or any other lost customers or sales. As for Kaplan, there is an absence of evidence in the record concerning a proper foundation for Kaplan's discussion of a purported $2,000,000 loss, and it does not appear that Manning had sufficient time to prepare adequately for Kaplan's cross-examination. In light of the compelling need to prepare for effective cross-examination of expert witnesses, see Scott & Fetzer Co. v. Dile, 643 F.2d 670, 673-74 (9th Cir.1981), we conclude on the strength of this record that the district court abused its discretion by failing to grant the requested continuance.
 
 IV
 
 9
 Manning's final contention is that the district court abused its discretion by awarding European $30,000 in attorney fees. We agree. Although the district court heard hearsay testimony from Kaplan about the fees, and attorney Levinson testified briefly and generally about them, there was neither direct testimony nor specific documentation dealing with the calculation of the time expended and the costs incurred in this lawsuit.
 
 CONCLUSION
 
 10
 The district court's determination that Manning was in civil contempt is AFFIRMED. The district court's calculation of damages and award of attorney's fees are REVERSED and REMANDED for further proceedings consistent with the above.
 
 
 
 *
 The Honorable C.A. Muecke, Senior United States District Judge for the District of Arizona, sitting by designation
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3